UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22283-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

ALBERTO LAO-BATISTA,           :

    Plaintiff,              :
                                    REPORT
v.                             :   OF MAGISTRATE JUDGE

MR. SOLTIS, et al.,            :

    Defendants.             :
_____

I. Introduction

Alberto Lao-Batista, a convicted state felon who is currently confined at the Krome Service Processing Center in Miami, Florida,[1] filed this pro se civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff names at least seventeen defendants, which include Mr. Soltis and Captain Brito, law enforcement officers; the Honorable Teresa M. Pooler, Miami-Dade County Circuit Court Judge who presided over his state criminal case; President Barack Obama; former Presidents George Bush and Bill Clinton; former Secretary of State Hilary Clinton; various actors and singers; etc. See Complaint at 2-3.[2] (DE# 1). Plaintiff seeks twenty-eight million dollars in compensatory damages. Id. at 4.

---

[1] On May 13, 2013, not long before Lao-Batista filed the instant civil rights complaint, Lao-Batista was released from the custody of the Florida Department of Corrections and was transferred to the custody of United States Immigration and Customs Enforcement. See http://www.dc.state.fl.us; https://locator.ice.gov/. The undersigned takes judicial notice of the information available at the databases maintained by the Florida Department of Corrections and United States Immigration and Customs Enforcement viewed this date. See Fed.R.Evid. 201(b)(2), (c)(providing that the Court may take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

[2] Because the Complaint does not contain page numbers, the Court refers to the page numbers generated by the CM/ECF system.

The plaintiff has been permitted to proceed without prepayment of the filing fee, but a debt to the Clerk of Court has been established in the amount of $350.00. (DE# 5). Because the Plaintiff is subject to the provisions of §§1915 and 1915A, an initial screening of the Complaint is being conducted.

## II. Background

Review of records of which this Court can take judicial notice has revealed that Lao-Batista was convicted of two counts of second degree murder entered in Miami-Dade County Circuit Court Case No. 93-30716 and he was sentenced on April 17, 1998, to a total term of imprisonment of thirty years. See http://www2.miami-dadeclerk.com/cjis.[3] Lao-Batista was transferred to the Florida Department of Corrections on May 11, 1998, to serve his sentences, and on June 10, 1998, immigration officials lodged a detainer against Lao-Batista with the Florida Department of Corrections. See http://www.dc.state.fl.us. Lao-Batista has vigorously pursued various state postconviction challenges to his convictions and sentences in the state trial court throughout the many years of his incarceration, all of which have proved unsuccessful. See http://www2.miami-dadeclerk.com/cjis. This Court's search this date using the Court's PACER (Public Access to Court Electronic Records) system has revealed that since his incarceration, Lao-Batista has never challenged his convictions and sentences by way of a federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court.

## III. Analysis

---

[3]The undersigned takes judicial notice of information available at the database maintained by the Clerk of Court, Eleventh Judicial Circuit, Miami-Dade County, Florida; http://www2.miami-dadeclerk.com/cjis, viewed on this date. See Fed.R.Evid. 201(b)(2), (c); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts.").

A.  <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or <u>Fed.R.Civ.P.</u> 12(b)(6) or (c).  <u>See Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v.</u>

Hernandez, 504 U.S. 25, 31 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (*quoting* Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. at 1349.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...". Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pleadings drafted by pro se litigants must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A, 1915(e). To state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under

color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(per curiam)(citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010)(per curiam)(citations omitted).

### B. Facts of the Complaint

Plaintiff's complaint is far from a model of clarity, however, it is clear that he is maintaining that he is innocent of the crimes for which he has been convicted in state court and that he was unlawfully deprived of his liberty. See Complaint at 4, 6-7. (DE# 1). Specifically, he asserts that he acted out of self-defense and was not guilty of the murders for which he was prosecuted and convicted. Id.

### C. Sufficiency of the Complaint

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the named defendants. Plaintiff's entire Complaint is barred pursuant to the doctrines set forth in *Preiser* and *Heck*.

The Supreme Court has specifically held that §1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499-500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of

5

conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in *Heck v. Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his §1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in *Edwards* remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim for monetary damages or injunctive relief that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 Fed.Appx. 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to *Heck* where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 Fed.Appx. 874, 876 (11th Cir. 2008)(concluding that district court properly found that *Heck* barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff

6

would necessarily call into question the validity of his guilty plea and his underlying conviction)(*citing*, Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372).

From full and careful review of Plaintiff's complaint, it is clear that Plaintiff challenges the constitutionality of his convictions and resultant confinement—rather than the conditions of that confinement—by arguing that he was wrongly arrested, prosecuted and convicted of the second degree murder offenses. A judgment in favor of Lao-Batista on his claims would necessarily imply the invalidity of the convictions and length of his incarceration.

As indicated, the exclusive mechanism for a state prisoner to challenge his conviction is an application for a writ of habeas corpus under 28 U.S.C. §2254, after exhaustion of all state court remedies. See Preiser, 411 U.S. at 489, 93 S.Ct. 1827; Griffin v. Levenson, 400 Fed.Appx. 476, 477 (11th Cir. 2010). It is clear from the records for which this Court can take judicial notice that the subject convictions and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate state or federal action. "Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under §1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489. The Eleventh Circuit has held that *Heck* applies even where habeas is unavailable, as it may be under the circumstances of the instant case. See Domotor v. Wennett, 356 Fed.Appx. 316 (11th Cir. 2009)("As the district court properly explained ..., so long as the [state law convictions] remain undisturbed, [*Heck*] bars appellant's claims)(unpublished), *aff'g* 630 F.Supp.2d 1368, 1380 (S.D.Fla. 2009)(holding that *Heck*

favorable termination requirement applied even where plaintiff no longer in custody). See also Dutton v. City of Midwest City, 2014 WL 348982 (W.D.Okla. 2014)(Plaintiff's current status as a non-prisoner did not render *Heck* inapplicable). Hence, Plaintiff's claims have yet to accrue and are not cognizable under §1983.

In conclusion, Plaintiff's allegations fail to state a viable §1983 claim against any named defendant, warranting dismissal of the complaint in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(ii). The case should now be closed since it is apparent from review of the Complaint that dismissal with leave to amend is not appropriate. Here, an amendment would be futile in that any amended complaint would still be properly dismissed. See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(*citing*, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

### IV. Recommendations

Based upon the foregoing, it is recommended that the Plaintiff's complaint be DISMISSED without prejudice for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii), and that this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 10th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Alberto Lao-Batista, Pro Se
      A# 028556330
      Krome Service Processing Center
      18201 SW 12th Street
      Miami, FL 33194
```