UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22283-CIV-MORENO

ALBERTO LAO-BATISTA,

    Plaintiff,

vs.

MR. SOLTIS, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION ON [1] COMPLAINT AND DISMISSING [7] AMENDED COMPLAINT

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report and Recommendation on Plaintiff's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (**D.E. No. 1**), filed on **June 19, 2014**. The Magistrate Judge filed a Report and Recommendation (**D.E. No. 6**) on **July 10, 2014**, recommending that the case be dismissed for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), and further noting that the case should be closed where "amendment would be futile." On July 22, Plaintiff filed an Amended Complaint (**D.E. No. 7**). In the Amended Complaint, Plaintiff names many of the same defendants[1] and similarly seeks $28 million in damages.

The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues and notes that the Plaintiff did not file objections to the Report and Recommendation on his original Complaint, and the time to do so has now passed. Being otherwise fully advised in the premises, it is

---

[1] Some of these defendants include President Barack Obama, Michelle Obama, Former Secretary of State Hilary Clinton, celebrities Gloria Estefan, Shakira, Jennifer Lopez, and Madonna, and "my defender" which presumably means Plaintiff's previous attorney.

**ADJUDGED** that United States Magistrate Judge Patrick A. White's Report and Recommendation **(D.E. No. 6)** as to Plaintiff's Complaint **(D.E. No. 1)** is **AFFIRMED** and **ADOPTED**, and the analysis therein will be incorporated and applied to Plaintiff's Amended Complaint **(D.E. No. 7)**. Accordingly, it is

**ADJUDGED** that Plaintiff's Amended Complaint (D.E. No. 7) is DISMISSED for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff Lao-Batista was convicted of two counts of second degree murder, and was sentenced on April 17, 1998 to a total term of imprisonment of thirty years. While Lao-Batista has pursued various state post-conviction challenges to his convictions and sentences in the state trial court throughout his incarceration, the Court's PACER system has revealed that since his incarceration, Lao-Batista has never challenged his convictions and sentences by way of a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

While pleadings drafted by pro se litigants must be liberally construed, Plaintiff's Amended Complaint fails to state a viable § 1983 claim against any named defendant. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the Amended Complaint, which provides even fewer factual allegations than the original complaint, is "indisputably meritless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); see also *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous under 28 U.S.C. § 1915(e) where it lacks an arguable basis either in law or in fact).

Second, Plaintiff challenges the constitutionality of his convictions and resultant confinement - rather than the conditions of that confinement - by arguing that he was wrongly arrested, prosecuted, and convicted of the second degree murder offenses. However, Plaintiff's convictions

have not been invalidated in an appropriate state or federal action, and a judgment here in favor of Lao-Batista would necessarily imply the invalidity of the convictions and length of his incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (Section 1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven).

Furthermore, the Court finds that given the sparsity of factual allegations and cognizable legal causes of action, as well as the "fantastic or delusional scenarios," *Bilal*, 251 F.3d at 1349, presented in the Amended Complaint, amendment would be futile. *Spaulding v. Poitier*, 548 Fed. Appx. 587, 594 (11th Cir. 2013) (citations omitted). Accordingly, it is

ADJUDGED that this case is CLOSED, and all pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of July, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Patrick A. White

Alberto Lao-Batista, *Pro Se*
A028556330
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

Counsel of Record